UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE STEWART,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SANTA CLARA,<br><br>    Respondent. | Case No. 23-cv-00714-JD<br><br>**ORDER RE DISMISSAL** |

Theodore Stewart, a state court pretrial detainee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was dismissed with leave to amend, and petitioner filed an amended petition.

## DISCUSSION

### STANDARD OF REVIEW

This Court may consider a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

Petitioner is pending trial in Santa Clara County and asks the Court to intervene in the ongoing criminal proceedings. Under principles of comity and federalism, a federal court may not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts will not enjoin or otherwise intervene in pending state criminal prosecutions unless there is a showing of exceptional misconduct such as a prosecution based on bad faith or harassment, or that the applicable criminal statute is "flagrantly and patently violative of express constitutional prohibitions." *Id*. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied).

Petitioner alleges that the warrant used to arrest him was based on perjured testimony, the police and district attorney's office are prosecuting him due to his race, the trial court was prejudiced against him due to his race and his public defender is ineffective and is collaborating with the district attorney's office. The petition was dismissed with leave to amend for petitioner to plausibly allege extraordinary circumstances to warrant federal court intervention. The amended petition has not cured the deficiencies noted by the Court. Petitioner presents conclusory allegations that fail cross the high threshold of *Younger*. Consequently, the petition is dismissed without leave to amend.

**CONCLUSION**

The petition is dismissed and a Certificate of Appealability is denied. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: August 25, 2023

JAMES DONATO
United States District Judge

2